## WILLIAM SHELDON *v.* GEORGE L. TUCKER ET AL.

Where an executor, exercising a discretion given him by the will of the testator, had made sale of certain real estate devised to the testator's widow for life or during widowhood, with remainder in fee to a grandson, and had invested the proceeds in other lands, taking the conveyance to himself as executor, his successors in office, and his heirs and assigns: *Held,* that the executor has no trusteeship, interest, or control over the said lands, and that the devisees, by virtue of the will, take and hold possession of the same, under its provisions.

Where a testator devised real estate to a grandson, with a proviso that if said grandson should die before attaining twenty-one years, or die after attaining that age but leaving no lawful children, the estate should be divided equally among those children of two brothers of the testator who should be living at the time of the decease of said grandson, and the said grandson, not yet of the age of twenty-one, is a party to the cause in hearing, in which a decree authorizing and directing a sale of said estate is sought: *Held,* that the court has not and cannot have before them all the parties who may be interested in the suit.

IN EQUITY.——The complainant, describing himself in his bill as executor of the last will and testament of Joseph Sheldon deceased, brings this bill against George L. Tucker, Sally Sheldon and Nicholas S. Prior. He charges that the said Joseph in or by his said will, devised to his wife Sally Sheldon, so long as she remained his widow, the use and occupation, rents and profits of all his estate, excepting some goods and chattels specifily bequeathed to his said wife after the payment of a small pecuniary legacy to his sister. After her marriage or death, he devised the same to his grandson, Nicholas

S. Prior; *provided,* that if his said grandson should die before he arrived at the age of twenty-one years, or should die leaving no children lawfully begotten, after he arrived at the age of twenty-one years, he then gave and devised the said estate to the children of his brother Pardon Sheldon and of his brother Jeremiah Sheldon, to be divided among such of them as should then be living, in fee simple: that the testator in and by said will empowered his said executor to sell and convey all his estate, both real and personal, if he should think proper and for the interest of all concerned, consulting the wishes of his wife in the matter, and then to reinvest the proceeds thereof in other real estate, or in mortgage on real estate or in bank stock, or otherwise, according to the best of his judgment.

After the decease of said Joseph and probate of his said will, the complainant qualified himself to act as executor thereof, and afterwards in accordance with the wishes of said Sally Sheldon and with intent to advance the interests of all concerned, he sold and conveyed all the real estate of which said Joseph died seized, situate in Cranston, and reinvested a portion of the proceeds of the same in certain real estate situate on Burgess street in Providence, taking the deed to himself as executor of said Joseph, to him, his successors in office, and his heirs and assigns.

The bill then goes on to state that the estate on Burgess street having become, by reason of several manufacturing establishments in the neighborhood, inconvenient and unpleasant as a place of residence, he the complainant, at the request of said Sally Sheldon and with intent to promote the interests of all concerned therein, made a contract with the defendant, George L.

Tucker to sell and convey the same to him: and that in pursuance of said agreement, on the first day of March, 1855, he executed a deed of said premises in due form of law and tendered the same to said Tucker, who refused to accept the same and pay the agreed consideration, alleging for an excuse that the complainant could not make a good title to said estate.

The prayer of the bill is for a decree of specific performance against said Tucker.

The answers of the defendants admit the facts set forth in the complainant's bill, that of said Tucker insisting that the complainant has no power to make him a good title to said premises, and averring his readiness to perform his contract in case he can be assured of a good title to the same.

*James Tillinghast,* for complainant, contended that the will not only empowered the executor to sell and convey the estate of which the testator died seized, but to sell and convey the property in which the proceeds of such sale should be invested, whenever requested by the widow of the testator, if he the executor should deem it important for the interests of all concerned so to do.

Should the Court rule the contrary, he insisted that the Court, having all the parties before them, might direct a sale of the premises in question, on motion of the complainant as trustee of the same, if they should deem it expedient. Hill on Trustees, 381, 382, cited.

For the defendants there was no appearance at the hearing.

STAPLES, C. J.—The will authorized the executor in a certain contingency to sell and dispose of all the testator's

William Sheldon *v.* George L. Tucker et al.

estate both real and personal, and to reinvest the proceeds of the same. That is the power conferred on the executor by the will. It relates only to the estates and property of which the testator died seized and possessed. This power once executed, nothing more remains to be done by the executor. He has done all that the testator empowered or directed him to do.

Before the execution of this power, he might be deemed a trustee for the devisees, over the estates of which the testator died seized. But he has no trusteeship, interest or control over the property in which the proceeds are invested. The devisees by virtue of the will, take and hold possession of the same, under and by virtue of the will.

It appears that the said Nicholas S. Prior is now living and under the age of twenty-one years. He has at the most only a contingent fee in the estate. Who will be entitled to the estate at his decease cannot now be ascertained, whether his children or the children of Joseph and Jeremiah Sheldon who may then be living: so that the Court has not and cannot have before them all the persons who may be interested in the estate in question.

The bill must therefore be dismissed.